UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13396-RGS

CLAYTON SCHWANN

v.

FED EX GROUND PACKAGE SYSTEM, INC.

MEMORANDUM AND ORDER

January 20, 2015

STEARNS, D.J.

For the reasons stated below, the Court dismisses this action.

## **BACKGROUND**

On August 20, 2014, Clayton Schwann filed a self-prepared complaint against Fed Ex Ground Package System, Inc. ("FedEx"). Invoking the Court's jurisdiction under 28 U.S.C. § 1332, Schwann alleged in his two-page complaint that he was bringing this action for retaliation, employee harassment, constructive discharge, wrongful termination, failure to provide equal work opportunity, and emotional distress. He sought back pay from 2009 to the present, compensation for work between 2005 and 2010 when he was not making as much as other employees, other compensatory damages, and punitive damages.

Reviewing the complaint pursuant to 28 U.S. C. § 1915(e)(2), the Court directed Schwann to file an amended complaint. *See* Memorandum and Order (#4). The Court found that the complaint did not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires, *inter alia*, that factual allegations "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Schwann filed an amended complaint (#6) in which he again states that he is bringing claims for "retaliation, constructive discharge, equal work opportunity, wrongful termination, harassment and emotional distress." Amend. Compl. at 1. In this seven-page pleading (with forty pages of exhibits), Schwann chronicles a series of allegedly improper, unfair, and deceptive

conduct by FedEx regarding the plaintiff's work assignments and other matters.

## DISCUSSION

As pled, Schwann's allegations in the amended complaint do not state a claim upon which relief may be granted. Without condoning the defendant's alleged actions, the plaintiff does not raise any claims for which there is a legal remedy. That FedEx may have treated Schwann differently from other drivers, harassed him, otherwise unjustly treated him, or retaliated against him for complaining of such conduct is not sufficient to state a claim for relief. The law does not prohibit all unfair conduct by an employer, even if offensive to notions of fairness. *See, e.g.*, *Barry v. Moran*, 661 F.3d 696, 708 (1st Cir. 2011) ("[A]n employment decision motivated by cronyism, not discrimination, would be lawful, though perhaps unsavory" (internal quotation marks omitted)).

Notwithstanding, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), employees may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against persons who have complained of unlawful discrimination. *See* 42 U.S.C. § 2000e-3(a). However, despite invoking the words "discrimination" and "retaliation," Schwann has not alleged facts from which the Court may reasonably infer that such actions violated the law. His only allegation of discrimination based on a protected status is that he was "prohibited to speak Portuguese ([his] native language) to my coworker in the warehouse" and that two supervisors made fun of his accent. Amend. Compl. at 3. These allegations of inappropriate "stray remarks," however, do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Schwann has not sufficiently alleged that FedEx took an adverse employment against him because Portuguese was his native language and he had an accent when he spoke English. *See, e.g.*, *Barry v. Moran*, 661 F.3d at 707) ("A 'stray remark' is a statement that, while on its face appears to suggest bias, is not temporally or causally connected to the challenged employment decision and thus not probative of

2

discriminatory animus."). Further, he has not alleged that he was retaliated against for opposing illegal discrimination.

Finally, to the extent that Schwann has alleged unlawful conduct by FedEx against persons other than himself, he lacks standing to assert the claims for injuries suffered by others. *See Bingham v. Massachusetts*, 616 F.3d 1, 5 (1st Cir. 2010).

## **ORDER**

Accordingly, this action is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE